UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCRAMOGE TECHNOLOGY,
LTD.,

              Plaintiff,

                                         Case No.: 22-cv-10730

v.                                       Honorable Gershwin A. Drain

VOLKSWAGEN GROUP OF
AMERICA, INC.,

              Defendant.

_____/

## OPINION AND ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW OF PROCEEDINGS [#41] AND ADMINISTRATIVELY CLOSING THE CASE

## I.    INTRODUCTION

Plaintiff Scramoge Technology Ltd. is the owner of United States Patent Nos. 10,546,685, 10,193,392, 7,825,537, and 10,243,400, which all relate to improvements in wireless charging of mobile devices (collectively "the Asserted Patents."). Now before the Court is Defendant Volkswagen Group of America, Inc.'s Motion to Stay Pending Inter Partes Review Proceedings, filed on September 23, 2022. Plaintiff filed a Response on October 7, 2022, and Defendant filed a Reply on October 14, 2022.

Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the resolution of this matter.  Accordingly, the Court will resolve Defendant's present motion on the briefs.  *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court grants Defendant's request for a stay pending inter partes review proceedings.

## II.    FACTUAL BACKGROUND

Plaintiff asserts that Defendant infringes at least claim 1 of the Asserted Patents.  Defendant recently filed inter partes review petitions before the United States Patent Office's Patent Trial and Appeal Board ("PTO") against all four of Plaintiff's Asserted Patents challenging all 73 claims of these patents. Additionally, two of the Asserted Patents, U.S. Patent No. 10,193,392 and U.S. Patent No. 7,825,537 have been challenged by Apple Inc. in an inter partes review proceeding, with written decisions expected by September of 2023.  These same patents are also at issue in *Scramoge Tech. Ltd. v. Apple Inc*., No. 6-21-cv-01071 (W.D. Tex.), which is set for a jury trial commencing on October 31, 2023.

## III.   LAW & ANALYSIS

### A.  Standard of Review

"The ability to stay cases is an exercise of a court's inherent power to manage its own docket." *Murata Machinery USA v. Daifuku Co., Ltd*., 830 F.3d

1357, 1361 (Fed. Cir. 2016).  This district considers three factors to determine whether a stay pending PTO proceedings is appropriate: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Regents of Univ. of Mich. v. St. Jude Med., Inc.*, No. 12-12908, 2013 WL 2393340, at *2 (E.D. Mich. May 31, 2013) (internal quotation marks omitted).

### B.  **Defendant's Motion to Stay**

Defendant seeks a stay pending resolution of the inter partes review proceedings and argues a stay will provide the most efficient course for litigating this case.  If the PTO invalidates any of the claims in the Asserted Patents, the issues before this Court will be altered.  Even if some of the claims survive, they may be narrowed or amended.  Thus, Defendant asserts a stay will avoid unnecessary or duplicative efforts by the parties and the Court.

Conversely, Plaintiff argues a stay is not warranted simply because the Defendant has filed petitions for inter partes review with the PTO.  Plaintiff maintains that courts routinely deny motions to stay as premature when it is unknown whether the PTO will institute the petition for inter partes review. Plaintiff further asserts that a stay risks loss of evidence and available witnesses.

Finally, Plaintiff suggests a stay will prejudice Plaintiff's active licensing efforts with prospective licensees and its relationship with existing licensees.

Here, the Court concludes the infancy of this litigation weighs heavily in favor of a stay. Minimal discovery has been served, and none has been exchanged. There has been no claim construction briefing and a *Markman* hearing has yet to be scheduled. Trial in this matter is set to commence in the fall of 2024.

Courts in this district have stayed cases in a similar procedural posture pending inter partes review. *See Integrated Sensing Sys., Inc. v. Abbott Lab'ys*, No. 19-10041, 2019 WL 3776947, at *2-*3 (E.D. Mich. Aug. 12, 2019) ("[T]he very limited litigation in this case weighs heavily in favor of staying...."); *Orbital Australia Pty. v. Daimler AG*, No. 15-cv-12398, 2015 WL 5439774, at *1 (E.D. Mich. Sept. 15, 2015) (granting a stay where "no claim construction briefs have been submitted and no *Markman* hearing has been scheduled"); *Netjumper Software, LLC v. Google, Inc.*, No. 04-70366, 2008 WL 2761022, at *1 (E.D. Mich. July 15, 2008) (granting a stay pending reexamination after a *Markman* hearing occurred and trial date had been set).

Plaintiff's response wholly ignores the authority from this district granting stays with similar circumstances as those present here. *See Integrated Sensing Sys*, 2019 WL 3776947, *2-*3; *Orbital Australia*, 2015 WL 5439774, *1. In fact, Plaintiff fails to cite any case from this district denying a pre-institution stay

pending inter partes review without leave, instead citing inapposite cases from other forums applying other frameworks. *See Humanscale Corp. v. CompX Int'l Inc.*, No. 3:09-cv-86, 2009 WL 1444312, at *2 (E.D. Va. May 21, 2009) ("California three-factor test")). Moreover, Plaintiff's cited authority is distinguishable. *See BOS GmbH & Co. KG v. Macauto USA, Inc*., No. 17-10461, 2018 WL 11357925 (E.D. Mich. Feb. 13, 2018) (involving competitors with no inter partes review petitions pending). Instead, consistent with the *Integrated Sensing* and *Orbital* cases, a stay is warranted at this early juncture in the case given the unique facts present here.

As to the next factor this Court must consider, a stay pending resolution of the inter partes review will streamline the issues the Court must resolve. Here, if the PTO invalidates the challenged claims in the inter partes review proceedings, the need for any future litigation will disappear. Further, if Plaintiff amends its claims in the inter partes review proceedings, that will create a moving target for the parties and Court. Construing original claim language, only to have that language changed via claim amendments in inter partes review proceedings, would be extremely wasteful and inefficient for the parties and Court. *See Schwendimann v. Stahl's, Inc*., No. 19-10525, 2021 WL 164546, at *2 (E.D. Mich. Jan. 19, 2021) (emphasizing the "numerous advantages of staying district court proceedings pending the completion of the reexamination process, including the narrowing or

elimination of issues, the alleviation of discovery problems relating to prior art, the encouragement of settlement, initial consideration of issues by the PTO with its particular expertise, and reduction of costs for the parties and the court").

Courts in this district have issued stays pending resolution of related inter partes review proceedings, finding that doing so will streamline—and may completely resolve—the disputes between parties. *See Serv. Sols U.S. LLC v. Autel. US Inc*., No. 13-cv-10534, 2015 WL 401009, at *3 (E.D. Mich. Jan. 28, 2015) (noting "an IPR review need not dispose of a case completely to simplify the issues of a case[,]. … [and] here, a stay pending the IPR would avoid potentially wasteful discovery while narrowing the claims and defenses in the case"); *Transtex LlC v. WABCO Hldgs., Inc*., No. 17-12793, 2018 WL 10742464, at *1 (E.D. Mich. Dec. 4, 2018).  However, Plaintiff's argument that Defendant's request for a stay is premature has some merit.  Since the PTO has not yet ruled on whether to institute inter partes review and decisions are expected in February and May of 2023, the Court will enter a conditional stay pending a decision by the PTO as to whether to institute review.

Finally, a stay pending the completion of the inter partes review proceedings will not unduly prejudice Plaintiff, which will suffer no competitive harm due to a stay.  The parties are not competitors.  Indeed, Plaintiff does not make any products at all. *See Transtex LLC*, 2018 WL 10742464, at *2 ("Staying the case

pending the IPR proceeding does not create prejudice" in part because "[p]laintiffs ha[d] not shown that a stay 'would negatively impact [their] ability' to compete" in the market); *see Beacon Navigation GmbH v. FCA US LLC*, No. 13-11380, 2018 WL 11350623, at *1 (E.D. Mich. Dec. 3, 2018) ("speculative prejudice … does not outweigh the judicial efficiency considerations associated with … [a] stay").

Plaintiff cites just one inapposite case from this district for alleged "prejudice," *Signal IP, Inc. v. Fiat U.S.A., Inc*., No. 14-CV-13864, 2015 WL 5719670, at *6 (E.D. Mich. Sept. 30, 2015). But there, prejudice arose from the defendant's delay in filing inter partes review petitions for "almost a full year" after the complaint was filed. *Id.* Conversely, in this case Defendant promptly filed its petitions for inter partes review. Lastly, Plaintiff's speculative hypothetical that "memories may fade, and evidence may be lost" is not well taken. ECF No. 43, PageID.1088. Delays inherent in inter partes review proceedings are not undue prejudice. *E.g.*, *Stratosaudio, Inc. v. Volkwagen Grp. Of Am., Inc.*, No. 2:22-cv-10524, at *3-4 (E.D. Mich. Oct. 14, 2022), *Radio Sys. Corp. v. E. Mishan & Sons, Inc.*, 3:13-cv-383, 2014 WL 1870775, at *3-4 (E.D. Tenn. Mar. 28, 2014).

## IV.   CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion to Stay Pending Inter Partes Review Proceedings [#41] is GRANTED pending the PTO's decision to grant or deny Defendant's petitions for inter partes review. If the PTO

initiates inter partes review proceedings, this case shall remain stayed pending final

resolution of those proceedings, through and including any appeals filed with the

Federal Circuit Court of Appeals.  If the PTO does not initiate such proceedings,

then the parties may move for the stay to be lifted at that time.  The parties shall

file a joint status report informing the Court as to the status of the inter partes

review request within 30 days after a decision is rendered by the PTO.

This cause of action is administratively closed for statistical purposes only.

 SO ORDERED.

Dated:  December 12, 2022                                  /s/Gershwin A. Drain
                                                          GERSHWIN A. DRAIN
                                                          United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 12, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk